United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATENT TECHNOLOGY, LLC,

　　　　　Plaintiff,

　　v.

LAWRENCE WOODMAN, et al.,

　　　　　Defendants.

Case No.  15-cv-00578-DMR

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

Re: Dkt. No. 44

Plaintiff Patent Technology, LLC filed a motion to compel "administrative" discovery from third parties Bank of America and Microsoft Corporation ("Microsoft").  [Docket No. 44.] The court has determined that this matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(a).  For the following reasons, the court orders Bank of America and Microsoft to respond to Plaintiff's Rule 45 subpoenas.

**I.	DISCUSSION**

　　**A.	Background and Procedural History**

Plaintiff Patent Technology, LLC filed a motion to compel "administrative" discovery

This lawsuit stems from Plaintiff's attempts to ship a trunk believed to contain $1.2 million in cash from Malaysia to the United States.  In its amended complaint, Plaintiff alleges that in April 2013, Plaintiff and a person named Marry Juliet Smith communicated via Skype and agreed that in exchange for $20,000, Plaintiff would receive and become the claimant of a trunk containing $1.2 million that allegedly belonged to Smith and would be shipped from Malaysia to the United States.  Am. Compl. ¶ 17.  From April until August 2013, Plaintiff sent money to various bank accounts in varying amounts for the payment of fees and taxes associated with the shipment of the trunk.  This included payments to Smith and to Defendants PT Express and Security Company ("PT") and Tao A. Olagoke, including an April 22, 2013 payment of $11,500 by Plaintiff to PT via transfer to a Bank of America bank account.  Am. Compl. ¶ 30.  After

<div style="float:left">United States District Court<br>Northern District of California</div>

1   several months, Plaintiff refused to make any additional payments associated with the delivery of

2   the trunk, (Am. Compl. ¶ 108), and the trunk was never delivered to Plaintiff.  Plaintiff sues PT,

3   Lawrence Woodman, Tao Olagoke, AIG Import and Export Company, and Ibrahim G. Ahmed for

4   breach of contract, money had and received, and fraud.  It also names several other "potential

5   defendant[s]," including Smith and her associate, a Mr. McCandles, who allegedly is an attorney.

6   Am. Compl. ¶¶ 10, 11.

7        On July 27, 2015, the court granted in part Plaintiff's motions for early discovery of third-

8   party information in order to discover the true identities and contact information for the named

9   Defendants and potential Defendants so that Plaintiff may serve Defendants with this lawsuit.

10   [Docket No. 36 (Order on Mot. for Discovery).]  The court found Plaintiff had shown good cause

11   to serve early discovery on third party Microsoft for the accountholder's name, address, phone

12   number, birth date, other known email addresses, profile URL, or other information that identifies

13   the accountholder for the Skype accounts "juliet.smith85" and "marry.juliet33" and the Outlook

14   account "proproperty-lawchamber@outlook.com," accounts allegedly used by Smith and

15   McCandles to communicate with Plaintiff about the delivery of the trunk.  Order on Mot. for

16   Discovery at 7.  The court also granted Plaintiff leave to serve early discovery on third party Bank

17   of America for information associated with a specific account number purportedly belonging to

18   Defendant PT, including 1) documents sufficient to show names, addresses, and other contact

19   information of the accountholder and 2) documents sufficient to show any payments or deposits

20   made to the account, including via wire transfer, of $11,500 on April 22, 2013.  Order on Mot. for

21   Discovery at 11.

22        Plaintiff served Bank of America with a Rule 45 subpoena and a copy of the court's July

23   27, 2015 order on August 3, 2015.  (Klicpera Decl., Sept. 22, 2015, ¶ 2, Ex. A.)  It served

24   Microsoft with a subpoena and a copy of the court's July 27, 2015 order on August 4, 2015.

25   (Klicpera Decl., ¶ 3, Ex. B.)  Both subpoenas requested production of documents within thirty

26   days of the date of service.  Plaintiff asserts that Bank of America and Microsoft have failed to

27   respond to the subpoenas in any way.

28        On September 9, 2015, Plaintiff filed a motion to compel administrative discovery,

<div style="text-align:center">2</div>

United States District Court
Northern District of California

1    apparently seeking a court order compelling Bank of America and Microsoft to respond to the

2    subpoenas. [Docket No. 41.] The court subsequently denied the motion without prejudice on the

3    grounds that it was procedurally defective in several ways. The court also noted that Plaintiff had

4    not attached copies of the actual subpoenas it had served on Bank of America and Microsoft, and

5    that it appeared that Plaintiff had not served its motion on those entities, since it had not filed a

6    proof of service of the motion. [Docket No. 43.]

7        Plaintiff filed the present motion, which is its second motion to compel administrative

8    discovery, on September 22, 2015. [Docket No. 44.] On September 24, 2015, the court issued an

9    order noting that Plaintiff had again failed to provide any proof that it had served its motion to

10   compel on Bank of America and Microsoft. It ordered Plaintiff to serve Bank of America and

11   Microsoft with a copy of the order and the motion to compel and to file a proof of service, and set

12   a briefing schedule on the motion. [Docket No. 45.] In response, Plaintiff filed a "motion to

13   reconsider and response to order re second motion to compel," in which it indicated that it had

14   already filed proofs of service for Bank of America and Microsoft. [Docket No. 46.] However, as

15   the court noted in an October 2, 2015 order, the proofs of service to which Plaintiff referred

16   appeared to show service of the subpoenas on Bank of America and Microsoft, and not service of

17   the motion to compel. The court again ordered Plaintiff to serve the court's order and the motion

18   to compel on the third parties and to file the proofs of service by October 7, 2015. [Docket No.

19   48.] Plaintiff timely filed proofs of service indicating that it served Bank of America and

20   Microsoft with the motion to compel and the court's orders. [Docket Nos. 51 (Proof of Service on

21   Bank of America), 52 (Proof of Service on Microsoft).]

22       **B.    Analysis**

23       As an initial matter, Plaintiff's motion appears to seek relief pursuant to Federal Rules of

24   Civil Procedure 26, which governs the scope of discovery, and 37(b)(2)(A), which provides that a

25   court may sanction a party for failing to obey a discovery order. Plaintiff appears to base its

26   motion on the third parties' purported violation of the July 27, 2015 order, stating that Bank of

27   America and Microsoft "willingly disobeyed a Federal Court Order to provide the requested

28   discovery," i.e. the July 27, 2015 order. Mot. at 7. This is improper. First, Bank of America and

3

United States District Court
Northern District of California

1   Microsoft are not parties to this litigation.  Therefore, the applicable procedural rule is Rule 45,

2   which governs subpoenas to non-parties.  Second, the court's July 27, 2015 order granted Plaintiff

3   leave to serve early discovery on third parties, including Bank of America and Microsoft.  It did

4   not order those third parties to provide discovery.  Therefore, Bank of America and Microsoft

5   have not violated a court order.

6        The court has now examined the subpoenas served on Bank of America and Microsoft.

7   (Klicpera Decl. Exs. A, B.)  Each subpoena complies with the requirements of Rule 45(a), in that

8   it states the court from which it issued, states the title of this action and its civil-action number,

9   commands the third parties to produce documents in response to requests for production, and sets

10   out the text of Rule 45(d) and (e).  *See* Rule 45(a)(1)(A)(i)-(iv).  The court has also examined the

11   proofs of service of the subpoenas and Plaintiff's motion to compel.  It appears that Plaintiff

12   properly served Bank of America and Microsoft with the subpoenas, Plaintiff's motion to compel,

13   and the relevant court orders.  However, neither Bank of America nor Microsoft responded or

14   objected to the subpoenas, filed any opposition to the present motion, or moved pursuant to Rule

15   45(d) to quash or modify the subpoenas.  **Accordingly, the court now orders third parties Bank**

16   **of America and Microsoft to respond to Plaintiff's subpoenas and produce responsive**

17   **documents to Plaintiff within twenty-one (21) days of the date of this order.**

18   **II.      CONCLUSION**

19        For the foregoing reasons, the court orders third parties Bank of America and Microsoft

20   Corporation to respond to Plaintiff's subpoenas and produce responsive documents within twenty-

21   one (21) days of the date of this order.

22        **Plaintiff shall immediately serve a copy of this order on Bank of America and**

23   **Microsoft Corporation and file a proof of service.**

24

25        **IT IS SO ORDERED.**

26   Dated: November 10, 2015

27   _____

28   Donna M. Ryu
    United States Magistrate Judge

