UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATENT TECHNOLOGY, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LAWRENCE WOODMAN, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-00578-DMR<br><br>**ORDER ON PLAINTIFF'S ADMINISTRATIVE MOTION RE DISCOVERY FROM THIRD PARTIES**<br><br>Re: Dkt. No. 79 |

　　　　Plaintiff Patent Technology, LLC filed an administrative motion seeking early discovery of information from third parties Skype, Yahoo, and the New Mexico Department of Health. [Docket No. 79.]  The court has determined that this matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(a).  For the following reasons, Plaintiff's motion is granted in part and denied in part.

**I.　　DISCUSSION**

　　　　This lawsuit stems from Plaintiff's attempts to ship a trunk believed to contain $1.2 million in cash from Malaysia to the United States.  In its amended complaint, Plaintiff alleges that in April 2013, Plaintiff and a person named Marry Juliet Smith communicated via Skype and agreed that in exchange for $20,000, Plaintiff would receive and become the claimant of a trunk containing $1.2 million that allegedly belonged to Smith and would be shipped from Malaysia to the United States. Am. Compl. ¶ 17.  From April until August 2013, Plaintiff sent money to various bank accounts in varying amounts for the payment of fees and taxes associated with the shipment of the trunk.  This included payments to Smith and to Defendants PT Express and Security Company ("PT") and Tao A. Olagoke, including an April 22, 2013 payment of $11,500 by Plaintiff to PT via transfer to a Bank of America bank account. Am. Compl. ¶ 30.  After several months, Plaintiff refused to make any additional payments associated with the delivery of

1  the trunk, (Am. Compl. ¶ 108), and the trunk was never delivered to Plaintiff.  Plaintiff sues PT,

2  Lawrence Woodman, Tao Olagoke, AIG Import and Export Company, and Ibrahim G. Ahmed for

3  breach of contract, money had and received, and fraud.  It also names several other "potential

4  defendant[s]," including Smith, whom Plaintiff alleges is "an individual allegedly born and lived

5  in Las Cruses [sic], New Mexico" and who currently resides in Malaysia, and her associate, a Mr.

6  McCandles.  Am. Compl. ¶¶ 10, 11.

7  On July 27, 2015, the court granted in part Plaintiff's motions for early discovery of third-

8  party information in order to discover the true identities and contact information for the named

9  Defendants and potential Defendants so that Plaintiff may serve Defendants with this lawsuit.

10 [Docket No. 36 (Order on Mot. for Discovery).]  The court found Plaintiff had shown good cause

11 to serve early discovery on third party Microsoft for the accountholder's name, address, phone

12 number, birth date, other known email addresses, profile URL, or other information that identifies

13 the accountholder for the Skype accounts "juliet.smith85" and "marry.juliet33" and the Outlook

14 account "proproperty-lawchamber@outlook.com," accounts allegedly used by Smith and

15 McCandles to communicate with Plaintiff about the delivery of the trunk.  Order on Mot. for

16 Discovery at 7.  The court denied Plaintiff leave to serve discovery on the New Mexico

17 Department of Health for information about Smith's birth and family records on the ground that

18 Plaintiff had failed to show how such discovery was likely to lead to identifying information about

19 Defendants.  *Id*. at 8.

20 Plaintiff filed the present administrative motion on February 2, 2016.  In its motion,

21 Plaintiff seeks relief related to its subpoena to Microsoft in the form of an order to Skype

22 Communications S.a.r.l. directing it to respond to Plaintiff's discovery.  It also seeks leave to

23 propound discovery on third parties New Mexico Department of Health and Yahoo.

24 **II.     LEGAL STANDARD**

25 Generally, a party may not initiate discovery before the parties have met and conferred

26 pursuant to Federal Rule of Civil Procedure 26(f).  However, a court may authorize earlier

27 discovery "for the convenience of parties and witnesses and in the interests of justice."  Fed. R.

28 Civ. P. 26(d).  Courts have permitted "limited discovery … after [the] filing of the complaint to

2

1  permit the plaintiff to learn the identifying facts necessary to permit service on the defendant."
2  *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999); *see also Gillespie v.*
3  *Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (when true identity of defendant is not known before
4  complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the
5  unknown defendants, unless it is clear that discovery would not uncover the identities, or that the
6  complaint would be dismissed on other grounds"); *Zoosk Inc. v. Doe 1*, No. C 10-04545 LB, 2010
7  WL 5115670, at *2 (N.D. Cal. Dec. 9, 2010) (permitting plaintiff to serve early discovery on
8  third-party internet service providers to discover identity of unknown Internet communicators).
9      The plaintiff must demonstrate good cause for earlier discovery. *See Semitool, Inc. v.*
10  *Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). In evaluating whether a plaintiff
11  establishes good cause to learn the identity of the defendants through early discovery, courts
12  examine whether the plaintiff (1) identifies the unknown party with sufficient specificity that the
13  court can determine that the party is a real person who can be sued in federal court, (2) recounts
14  the steps taken to locate and identify the party, (3) demonstrates that the action can withstand a
15  motion to dismiss, and (4) demonstrates a reasonable likelihood that the discovery will lead to
16  identifying information that will permit service of process. *Columbia*, 185 F.R.D. at 578-780.

### III. DISCUSSION

#### A. Request for Order to Skype Communications S.a.r.l.

Plaintiff first seeks an order "specifically request[ing] Marry Smith Skype information" from Skype Communications S.a.r.l. ("Skype"). Pl.'s Mot. at 2. Plaintiff served a subpoena on Microsoft Corporation ("Microsoft") seeking, *inter alia*, information related to Smith's Skype account. It asserts that it received a response from Microsoft in which Microsoft states

> Skype Communications S.a.r.l. will only respond to requests for user records upon receipt of an order from a Luxembourg court. Skype Communications S.a.r.l. is not able to comply with any other verbal or written request. To formally request records, please send the hard copy court order to Skype Communications S.a.r.l., 23-29 Rives de Clausen, L-2165 Luxembourg.

Pl.'s Mot. Ex. A.

Plaintiff apparently seeks an order directing Skype to provide Plaintiff with the requested information, although it acknowledges that this "may conflict" with Skype's stated requirements.

1  The court has already granted Plaintiff leave to serve a subpoena on Microsoft seeking Skype-
2  related information. Skype apparently requires a Luxembourg court order to release any user
3  information. It is not clear how a second order from this court satisfies or relates to Skype's
4  requirements. Accordingly, Plaintiff's request is denied.

### B. Request for Discovery from New Mexico Department of Health

Plaintiff next moves the court for an order directing the New Mexico Department of Health to "verify the birth of Marry Smith in New Mexico." Pl.'s Mot. at 3. According to Plaintiff, New Mexico birth certificates are "restricted access records," and state law restricts access to the registrant's immediate family members or "those who represent tangible proof of legal interest in the requested record." *Id*. Plaintiff does not cite any law for this statement, and although it asserts that it "certainly meets the standard for tangible proof of legal interest," it cites no evidence or support for this assertion. According to Plaintiff, Smith's birth date on Skype is listed as February 10, 1980, but in an email to Plaintiff, Smith stated a different date for her "passport birth date." *Id*. Plaintiff asserts that it needs to discover if either of these birthdates are valid. It also states that "since Marry Smith has provided a story about her family inheritance," Plaintiff seeks unspecified "residential information" that the Department of Health has on record. *Id*. at 4.

Plaintiff submits no evidence supporting its assertions about Smith's various birthdates and provides no specifics about the "residential information" it seeks. More importantly, as with Plaintiff's first request for such discovery, Plaintiff has failed to explain how the requested discovery is likely to lead to identifying information about Smith and why a subpoena directed to the New Mexico Department of Health is the proper means through which to discover information about Plaintiff's birth records. Plaintiff's request for discovery from the New Mexico Department of Health is denied.

### C. Request for Discovery from Yahoo

Finally, Plaintiff seeks leave to propound discovery for accountholder information associated with Yahoo email account "marrysmith210@yahoo.com."[1] Plaintiff seeks the

---

[1] Plaintiff previously sought leave to request this information from Microsoft (*see* Docket No. 20), which the court denied because Plaintiff failed to explain why Microsoft would have information

4

following information associated with the accountholder: "name, physical address, phone number; full name of user; full URL to Yahoo profile; school/networks; known birth date; known associated email addresses; IM account ID; current phone numbers, name, address and other information" regarding the email address. Pl.'s Mot. at 4.  For the reasons stated in the court's July 27, 2015 order, the court finds that Plaintiff has made a sufficient showing to establish good cause to permit this early discovery.  *See* Order on Mot. for Discovery at 6-7; *see also* Am. Compl. Ex. 60 (email copied on marrysmith210@yahoo.com).  Plaintiff may serve a third party subpoena to Yahoo for the accountholder's name, address, phone number, birthdate, other known email addresses, profile URL, or other information that identifies the accountholder for the Yahoo account "marrysmith210@yahoo.com."

## IV.   CONCLUSION

Plaintiff's administrative motion for leave to conduct early discovery is granted in part and denied in part.  Plaintiff may serve a third-party subpoena on Yahoo for information related to the account "marrysmith210@yahoo.com."  Plaintiff must include a copy of this order and the court's July 27, 2015 order with its third-party subpoena to Yahoo.  This order does not preclude Yahoo from contesting any discovery served by Plaintiff based on undue intrusion, burden, or other grounds.  *See* Fed. R. Civ. P. 26, 45(c)(3).

**IT IS SO ORDERED.**

Dated: March 29, 2016



Donna M. Ryu
United States Magistrate Judge

---

about another company's accounts.  *See* Order on Mot. for Discovery at 5 n.7.