UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATENT TECHNOLOGY, LLC,<br>　　　　Plaintiff,<br>　　v.<br>LAWRENCE WOODMAN, et al.,<br>　　　　Defendants. | Case No. 15-cv-00578-DMR<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br>Re: Dkt. No. 92 |

　　　　The court has received Plaintiff Patent Technology, LLC's motion for reconsideration. [Docket No. 92.] In its motion, Plaintiff appears to seek reconsideration of a portion of the court's March 29, 2016 order granting in part and denying in part Plaintiff's administrative motion seeking early discovery from third parties. [Docket No. 86.] Specifically, Plaintiff appears to seek reconsideration of the court's order denying it leave to serve early discovery on third party New Mexico Department of Health.

　　　　Pursuant to Civil Local Rule 7-9, a party may seek leave to file a motion for reconsideration of an interlocutory order at any time before judgment. Civ. L.R. 7-9(a). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments presented before such order. Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral argument previously asserted to the court. Civ. L.R. 7-9(c). Whether to grant leave to file a motion for reconsideration under Rule 7-9 is committed to the court's sound discretion. *See Montebueno Mktg., Inc. v. Del Monte Corp.—USA*, 570 F. App'x 675, 676 (9th Cir. 2014) (citing

1   *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007)).

2         Plaintiff's motion is procedurally improper, because it did not request leave to file a
3   motion for reconsideration.  Moreover, Plaintiff does not argue that any of the three grounds for
4   reconsideration are present here.  Instead, it provides additional information about its unsuccessful
5   attempts to discover identifying information about potential defendant Marry Juliet Smith.  To the
6   extent Plaintiff seeks to renew its motion to obtain early discovery from the New Mexico
7   Department of Health, the court notes that this is Plaintiff's third attempt to do so.  *See* Docket
8   Nos. 20, 79.  As with Plaintiff's earlier motions, Plaintiff cites no legal support or authority for the
9   assertion that it "certainly meets the standard for tangible proof of legal interest to obtain the
10  records of Marry Smith and her immediate family members" from the state of New Mexico.  *See*
11  Mot. for Reconsideration at 5.  It again submits no evidence supporting its assertions about
12  Smith's birthdate, and does not explain how the requested discovery is likely to lead to identifying
13  information about Smith.  *See Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D.
14  Cal. 1999) (party seeking early discovery must demonstrate, inter alia, a reasonable likelihood that
15  the discovery will lead to identifying information that will permit service of process).
16  Accordingly, Plaintiff's motion for reconsideration is denied.

18  **IT IS SO ORDERED.**
19  Dated: April 18, 2016



Donna M. Ryu
United States Magistrate Judge