UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATENT TECHNOLOGY, LLC,<br>    Plaintiff,<br>    v.<br>LAWRENCE WOODMAN, et al.,<br>    Defendants. | Case No. 15-cv-00578-DMR<br><br>**ORDER ON MOTIONS FOR EARLY DISCOVERY**<br>Re: Dkt. Nos. 115, 117 |

Plaintiff Patent Technology, LLC filed administrative motions seeking early discovery of information from third parties New Mexico Department of Health and Wells Fargo. [Docket Nos. 115, 117.] The court has determined that these matters are appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(a). For the following reasons, Plaintiff's motions are denied.

## I.   BACKGROUND AND PROCEDURAL HISTORY

This lawsuit stems from Plaintiff's attempts to ship a trunk believed to contain $1.2 million in cash from Malaysia to the United States. In its third amended complaint, Plaintiff alleges that in April 2013, Plaintiff and Defendant Marry Juliet Smith communicated via Skype and agreed that in exchange for $20,000, Plaintiff would receive and become the claimant of a trunk containing $1.2 million that allegedly belonged to Smith and would be shipped from Malaysia to the United States. Third Amended Complaint ("TAC") ¶ 21. From April until August 2013, Plaintiff sent money to various bank accounts in varying amounts for the payment of fees and taxes associated with the shipment of the trunk. This included payments to Smith and to Defendants PT Express and Security Company ("PT") and Tao A. Olagoke via transfers to Wells Fargo and Bank of America bank accounts. After several months, Plaintiff refused to make any additional payments associated with the delivery of the trunk and the trunk was never delivered to

1    Plaintiff. *Id*. at ¶¶ 112, 144.  Plaintiff sues the following defendants for breach of contract, money
2    had and received, and fraud: PT, Lawrence Woodman, AIG Imports and Exports, Malaysian Bank,
3    Smith, a "Mr. McCandles," Olagoke, Irene Ifead, Uche Anyanwu, Umeadi Ifeadi, Prolong
4    Services, Olubukola Lawal, and Dashub, a corporation. *Id*. at ¶¶ 5-17.  Plaintiff alleges that
5    Defendants Ifead, Anyanwu, Ifeadi, Prolong Services, Lawal, and Dashub are individuals or
6    corporations that participated in the fraud by receiving money from Plaintiff via Wells Fargo bank
7    accounts to transfer to Smith. *Id*. at ¶¶ 12-17.

8          On July 27, 2015, the court granted in part Plaintiff's motions for early discovery of third-
9    party information in order to discover the true identities and contact information for the named
10   Defendants and potential Defendants so that Plaintiff may serve Defendants with this lawsuit.
11   [Docket No. 36 (Order on Mot. for Discovery).]  The court found Plaintiff had shown good cause
12   to serve early discovery on third party Microsoft for information identifying the accountholder for
13   the Skype accounts "juliet.smith85" and "marry.juliet33" and the Outlook account "proproperty-
14   lawchamber@outlook.com," accounts allegedly used by Smith and McCandles to communicate
15   with Plaintiff about the delivery of the trunk.  Order on Mot. for Discovery at 7.  The court denied
16   Plaintiff leave to serve discovery on the New Mexico Department of Health for information about
17   Smith's birth and family records on the ground that Plaintiff had failed to show how such
18   discovery was likely to lead to identifying information about Defendants.  *Id*. at 8.

19         Plaintiff filed another administrative motion in February 2016 seeking relief related to its
20   subpoena to Microsoft in the form of an order to Skype Communications S.a.r.l. directing it to
21   respond to Plaintiff's discovery.  Additionally, Plaintiff again sought leave to seek discovery from
22   the New Mexico Department of Health for information about Smith's birth and third party Yahoo
23   for information associated with Smith's email address.  [Docket No. 79.]  On March 29, 2016, the
24   court granted the motion in part, granting Plaintiff leave to propound discovery on Yahoo and
25   denying leave to seek discovery from the New Mexico Department of Health.  [Docket No. 86.]
26   The court subsequently denied Plaintiff's motion for reconsideration of the court's denial of
27   Plaintiff's motion to obtain early discovery from the New Mexico Department of Health.  [Docket
28   No. 93.]

## II. LEGAL STANDARD

Generally, a party may not initiate discovery before the parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f). However, a court may authorize earlier discovery "for the convenience of parties and witnesses and in the interests of justice." Fed. R. Civ. P. 26(d). Courts have permitted "limited discovery … after [the] filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999); *see also Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (when true identity of defendant is not known before complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds"); *Zoosk Inc. v. Doe 1*, No. C 10-04545 LB, 2010 WL 5115670, at *2 (N.D. Cal. Dec. 9, 2010) (permitting plaintiff to serve early discovery on third-party internet service providers to discover identity of unknown Internet communicators).

The plaintiff must demonstrate good cause for earlier discovery. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). In evaluating whether a plaintiff establishes good cause to learn the identity of the defendants through early discovery, courts examine whether the plaintiff (1) identifies the unknown party with sufficient specificity that the court can determine that the party is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the party, (3) demonstrates that the action can withstand a motion to dismiss, and (4) demonstrates a reasonable likelihood that the discovery will lead to identifying information that will permit service of process. *Columbia*, 185 F.R.D. at 578-580.

## III. DISCUSSION

### A. Request for Discovery from New Mexico Department of Health

Plaintiff first moves the court for an order directing the State of New Mexico Department of Health "to verify the birth of Marry Smith in New Mexico as Marry Smith," now that she is a named defendant in this action.[1] [Docket No. 115 at 4.] According to Plaintiff, its discovery to

---

[1] The court notes that in its proposed order accompanying the motion, Plaintiff seeks the production of "Documentation Identifying the Birthday and Mailing Address of Defendant Marry Smith and her immediate family." [Docket No. 115-2.] Plaintiff does not explain this

3

1  Yahoo for information associated with Smith's email address, including the account registrant's
2  contact information, yielded "little information that could help identify Defendant Marry Smith."
3  *Id*. at 3.  The court notes that this is Plaintiff's fourth attempt to obtain this discovery.  [*See* Docket
4  Nos. 20, 79, 92.]

5  Plaintiff asserts that Smith has provided him with three different birthdates, *id*. at 8, Ex. H,
6  and that she has refused to sign a "Power of attorney to request" her birthdate information from
7  the State of New Mexico.  *Id*. at 9, Exs. E-G.  According to Plaintiff, its attempts to verify Smith's
8  identity have all been "thwarted by excuses and misinformation."  *Id*. at 8-9.  Plaintiff contends
9  that New Mexico birth certificates are "restricted access records," and state law restricts access to
10 the registrant's immediate family members or "those who represent tangible proof of legal interest
11 in the requested record."  [Docket No. 115 at 4.]  Once more, Plaintiff does not cite any law for
12 this statement.  Although it asserts that it "certainly meets the standard for tangible proof of legal
13 interest," it cites no support for this assertion, such as what qualifies as "tangible proof of legal
14 interest" and how Plaintiff satisfies the standard.  None of the cases Plaintiff cites address the
15 circumstances under which a private civil litigant may discover confidential medical records such
16 as birth certificates.  *See id*. at 4-6.

17 As with Plaintiffs' prior motions, Plaintiff does not explain how the requested discovery is
18 likely to lead to identifying information about Smith and why a subpoena directed to the New
19 Mexico Department of Health is the proper means through which to discover information about
20 Plaintiff's birth records.  *See Columbia*, 185 F.R.D. at 577.  Plaintiff's request for discovery from
21 the New Mexico Department of Health is denied.

22 **B.    Request for Discovery from Wells Fargo**

23 Plaintiff next moves for discovery from Wells Fargo Bank.  Plaintiff alleges that
24 Defendants Ifead, Anyanwu, Ifeadi, Prolong Services, Lawal, and Dashub participated in the
25 alleged fraudulent scheme by receiving money from Plaintiff via Wells Fargo bank accounts to
26 transfer to Smith.  Plaintiff seeks "the owner's name(s), bank information, mailing and physical

---

28 discrepancy, and the court will limit its analysis of the request in the motion for verification of "the birth of Marry Smith."

address, other Wells Fargo accounts and related identification and information" in order to serve the TAC. [Docket No. 117 at 9.]

Plaintiff's motion for early discovery from Wells Fargo must also be denied. As an initial matter, Plaintiff did not set forth the specifics of his request for discovery, such as the specific bank account information purportedly associated with these six defendants. The TAC contains allegations about Plaintiff's transfers of money to Defendants' Wells Fargo accounts. TAC ¶¶ 123-27, 138, 143. However, the TAC actually identifies only one bank account number, Wells Fargo bank account 1102463591, which Plaintiff alleges is associated with Prolong Services. *See id. at* ¶ 123. The remaining allegations of money transfers refer to corresponding Exhibits 78-79, 81-82, 93, and 96. These exhibits consist of emails, Wells Fargo transaction receipts, and a copy of a cashier's check, all of which contain redactions of what appear to be account numbers. Plaintiff did not submit unredacted copies of these exhibits with his TAC (*see* discussion below) and did not otherwise provide the court with the specific discovery he seeks to propound on Wells Fargo.

Moreover, Plaintiff fails to satisfy all of the *Columbia* factors with respect to the request for discovery from Wells Fargo. As to the second *Columbia* factor, Plaintiff did not describe any steps it has taken to locate and identify Ifead, Anyanwu, Ifeadi, Prolong Services, Lawal, and Dashub. This factor is "aimed at ensuring that plaintiffs make a good faith effort to comply with the requirements of service of process and specifically identifying defendants." *Columbia*, 185 F.R.D. at 579. In the absence of any showing that Plaintiff has attempted to locate and identify these six defendants short of serving discovery on Wells Fargo, the court finds that Plaintiff has not met this factor.

More importantly, the court finds that Plaintiff has not sufficiently pleaded any claims against these six defendants. *See Columbia*, 185 F.R.D. at 579 (requiring plaintiff to establish "that plaintiff's suit . . . could withstand a motion to dismiss."). Plaintiff states that these six defendants "performed in the fraud scam" by "accepting money on behalf of Defendant Marry Smith." [Docket No. 117 at 9.] "A cause of action for fraud [under California law] requires the plaintiff to prove (a) a knowingly false misrepresentation by the defendant, (b) made with the

5

1    intent to deceive or to induce reliance by the plaintiff, (c) justifiable reliance by the plaintiff, and
2    (d) resulting damages." *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192 (9th Cir. 2001) (quoting
3    *Wilkins v. Nat'l Broadcasting Co.,Inc.*, 71 Cal. App. 4th 1066, 1082 (1999)).  The TAC is devoid
4    of allegations of any representations at all by Defendants Ifead, Anyanwu, Ifeadi, Prolong
5    Services, Lawal, and Dashub, let alone any "knowingly false representations."  There are also no
6    allegations in the TAC of these six defendants' intent to deceive Plaintiff or to induce reliance.  It
7    appears that Plaintiff also alleges a breach of contract claim against Ifead, Anyanwu, Ifeadi,
8    Prolong Services, Lawal, and Dashub.  The elements of a breach of contract claim under
9    California law are: (1) the contract, (2) the plaintiff's performance or excuse for nonperformance,
10   (3) defendant's breach, and (4) the resulting damages to the plaintiff.  *Reichert v. Gen. Ins. Co. of
11   Am.*, 68 Cal. 2d 822, 830 (1968).  The TAC does not contain any allegations of the existence of a
12   contract between Plaintiff and Ifead, Anyanwu, Ifeadi, Prolong Services, Lawal, and Dashub.

13       Plaintiff also alleges a claim for money had and received against Ifead, Anyanwu, Ifeadi,
14   Prolong Services, Lawal, and Dashub.  "A cause of action for money had and received is stated if
15   it is alleged the defendant is indebted to the plaintiff in a certain sum for money had and received
16   by the defendant for the use of the plaintiff." *Farmers Ins. Exchange v. Zerin*, 53 Cal. App. 4th
17   445, 460 (1997) (quotation omitted).  "[M]oney had and received is a common count which, under
18   California law, is not a specific claim but is instead a form of pleading used to aver the existence
19   of monetary indebtedness." *Mar Partners 1, LLC v. Am. Home Mortg. Servicing, Inc.*, No. C 10-
20   02906 WHA, 2011 WL 11501, at *4 (N.D. Cal. Jan. 4, 2011).  "'When a common count is used as
21   an alternative way of seeking the same recovery demanded in a specific [claim], and is based on
22   the same facts,' it does not survive if the underlying claim does not survive." *Id.* (quoting
23   *McBride v. Boughton*, 123 Cal. App. 4th 379, 394 (2004)).  Here, Plaintiff's money had and
24   received claim seeks the same relief and appears to be based on the same facts as its fraud and
25   breach of contract claims.  Thus, as its common count claim is derivative of its other claims,
26   which are insufficiently pleaded as discussed above, Plaintiff's money had and received claim is
27   also insufficient.

28       In sum, given Plaintiff's failure to specify the exact discovery it seeks from Wells Fargo

1 and failure to satisfy the second and third *Columbia* factors, its motion seeking leave to propound

2 discovery on Wells Fargo is denied.

### C. Redactions in the TAC

As noted above, there are numerous exhibits attached to the TAC which contain redactions. However, Plaintiff did not submit unredacted copies of these exhibits with his TAC and did not file a motion to seal or otherwise seek leave to redact any information in the TAC. Pursuant to Civil Local Rule 79-5(b), "no document may be filed under seal (i.e., closed to inspection by the public) except pursuant to a court order that authorizes the sealing of the particular document, or portions thereof." The court previously denied Plaintiff's motion to seal bank account numbers in connection with its motions for early discovery, holding that Plaintiff failed to meet its burden of showing that the material was sealable. Order on Mot. for Discovery at 12. Therefore, within seven days of the date of this order, Plaintiff shall file an administrative motion to file under seal the exhibits to the TAC in compliance with Local Rule 79-5(d), or shall re-file the unredacted versions of the exhibits to the TAC.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's administrative motions for early discovery of information from third parties New Mexico Department of Health and Wells Fargo are denied.

**IT IS SO ORDERED.**

Dated: November 13, 2016



Donna M. Ryu
United States Magistrate Judge