UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATENT TECHNOLOGY, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>LAWRENCE WOODMAN, et al.,<br><br>    Defendants. | Case No. 15-cv-00578-DMR<br><br>**ORDER ON ADMINISTRATIVE MOTION FOR ALTERNATIVE METHOD OF SERVICE**<br><br>Re: Dkt. No. 116 |

Plaintiff Patent Technology, LLC filed an administrative motion for leave to serve Defendant Marry Smith by alternative means under Federal Rule of Civil Procedure 4(f)(3). [Docket No. 116.] For the following reasons, Plaintiff's motion is denied.

## I.  DISCUSSION

Plaintiff filed the operative complaint on September 8, 2016, alleging claims against thirteen defendants based upon a scheme to defraud Plaintiff in connection with Plaintiff's attempts to ship a trunk believed to contain $1.2 million in cash from Malaysia to the United States. [Docket No. 110 (Third Am. Compl. ("TAC").] Plaintiff alleges that one of the defendants, Marry Smith aka Marry Juliet Smith, "allegedly currently resid[es] in Malaysia." *Id*. at ¶ 8. Plaintiff's counsel is in regular email and telephone contact with Smith. Klicpera Decl. Sept. 25, 2016, ¶¶ 3, 6-9. He unsuccessfully has attempted to locate her through an online public records search engine, TruthFinder, using information she provided about her birthdate and birthplace. He asserts that Smith provided him with fraudulent information about her identity. *Id*. at ¶¶ 7, 13. Counsel also tried unsuccessfully to confirm information about Smith's property holdings in the United States. *Id*. at ¶¶ 3-5. Plaintiff has not effected service of the summons and complaint on Smith, and now moves pursuant to Federal Rule of Civil Procedure 4(f)(3) for leave to serve Smith at the two email addresses counsel uses to communicate with her:

marrysmith210@yahoo.com and marrysmithjustforus007@gmail.com.  Mot. at 8.

Federal Rule of Civil Procedure 4(f) sets forth three mechanisms for serving an individual in a foreign country: 1) by an internationally agreed means of service that is reasonably calculated to give notice, such as those means provided by the Hague Convention; 2) if there is no international means or no means specified, then by means reasonably calculated to give notice; or 3) by other means not prohibited by international agreement, as the court orders.  Fed. R. Civ. P. 4(f).  "[S]ervice under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement."  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).  While Rule 4(f)(3) gives courts discretion to "craft alternate means of service," such means still must comport with constitutional notions of due process.  *Id.* at 1016.  "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

A plaintiff "need not have attempted every permissible means of service of process" before seeking leave from the court to serve a defendant pursuant to Rule 4(f)(3); a plaintiff need only "demonstrate that the facts and circumstances of the present case necessitate[ ] the district court's intervention."  *Rio Props.*, 284 F.3d at 1016 (affirming propriety of service of process by e-mail). "[C]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)" and is "neither a 'last resort' or 'extraordinary relief.'"  *Id.* at 1015 (quotations omitted).  It is within the district court's "sound discretion" to determine whether alternative means of service are warranted.  *Id.* at 1016.

Having reviewed Plaintiff's motion and supporting papers, the court finds that Plaintiff has failed to satisfy the requirements for alternative service under Rule 4(f)(3).  It appears that service of the summons and complaint on Smith by email may be "reasonably calculated under all the circumstances" to apprise her of the action and afford her an opportunity to object.  However, Plaintiff has not provided sufficient information for the court to assess whether service by email on Smith is prohibited by any applicable international agreement.  *See Rio Props.*, 284 F.3d at

1014. Specifically, Plaintiff has not presented any evidence about where Smith might be located. While a defendant's location need not be known with certainty to authorize service under Rule 4(f)(3), *see, e.g., Wilens v. Automattic Inc.*, No. C 14-02419 LB, 2015 WL 498475, at *5 (N.D. Cal. Feb. 5, 2015) (granting leave to serve defendant by email where defendant "appear[ed] to be located in Russia"), the court is unable to assess the propriety of service by email without some evidence supporting Smith's location. The TAC states that Smith "allegedly currently resid[es] in Malaysia," but did not provide any evidence to support this assertion, such as a statement by Smith to Plaintiff that she resides in Malaysia. Moreover, to the extent Plaintiff possesses evidence that supports such a conclusion, it does not address whether service by email is prohibited by any international agreement to which Malaysia is a party. Therefore, Plaintiff's motion is denied without prejudice. If Plaintiff wishes to file a second motion seeking permission to serve Defendant Smith by email, it must support its request with evidence of Smith's location and specifically address whether any applicable international agreements prohibit service by email.

## II.   CONCLUSION

For the foregoing reasons, Plaintiff's administrative motion for leave to serve Defendant Marry Smith by email is denied.

**IT IS SO ORDERED.**

Dated: November 13, 2016



_____
Donna M. Ryu
United States Magistrate Judge